BRANDAU *v.* MAYOR OF DETROIT.

PUBLIC OFFICERS—CITY CONSTABLES—REMOVAL—CONSTITUTIONAL
LAW.

 Article 12, § 7, of the State Constitution, relating to the removal
 of officers elected by a county, township, or school district,
 has no application to the office of constable in cities and vil-
 lages.

*Certiorari* to Wayne; Hosmer, J.   Submitted Decem-
ber 7, 1897.   Decided February 16, 1898.

*Mandamus* by Jacob Brandau to compel William C.
Maybury, mayor of the city of Detroit, to reinstate relator
as constable in said city.   From an order denying the writ,
relator brings *certiorari*.   Affirmed.

*William B. Jackson*, for relator.

*C. D. Joslyn*, for respondent.

LONG, J.   At the November election in 1896 in the city
of Detroit, the relator was elected as constable of the
Seventh ward of said city.   He thereafter filed his official
bond, and entered upon the discharge of his duties as con-
stable, and continued to perform such duties until July 7,
1897, when he was suspended from said office by the
respondent, as mayor of said city.   A petition was there-
after made by the relator to the circuit court for Wayne
county for a *mandamus* to compel the respondent to re-
voke the order of suspension.   Answer was made to this
petition, in which the respondent sets out, substantially,
as follows: That on May 20, 1897, one Henry Legrou, of
the city of Detroit, made petition to the respondent, setting
forth that a judgment was rendered against him in justice's
court for $7.02; that the relator, as constable, came to the
saloon of petitioner with an execution on said judgment,

accompanied by one Pat Foley; that petitioner was absent, but his wife was present; that the said constable took from behind the bar $1.67 in cash, a gold ring, and a clock of the value of $8; that Pat Foley took a $10 gold piece from behind the bar; that thereupon the constable and Foley called for drinks, which they refused to pay for, using vile language; that they assaulted one of the customers there in the saloon, ordered the customers all out, and closed and locked the door. The charge is then made that the assistant of the constable, Mr. Pat Foley, stole the $10 gold piece, which he refused to account for. The return states that attached to this petition were affidavits to sustain the petition. The petition was sworn to. Notice was thereupon served upon the relator to appear before the respondent to answer the charges. Relator appeared, and witnesses were produced on both sides, and the respondent returned to the court that the testimony fully sustained the charges made by the petitioner; that the charges were made in writing, and full opportunity given relator to be heard in his defense; that, after careful consideration, the respondent made the order of suspension, and reported the case to the common council of the city at its next meeting; that he found the charges made against relator sustained. On the hearing in the court below the *mandamus* was denied. The cause comes into this court by writ of *certiorari*.

The action of the respondent mayor is based upon section 53 of the charter of Detroit, which, among other matters, provides: "The mayor shall have power to suspend or remove constables from office; and, in case of such suspension or removal from office, the mayor shall report the same, with the reasons therefor, to the common council." Counsel for relator contended below, and contends here, that this provision of the charter is void, as in conflict with section 7, art. 12, of the Constitution of this State, which provides, "The legislature shall provide by law for the removal of any officer elected by a county, township, or school district, in such manner and for such

cause as to them shall seem just and proper." The contention is that this provision of the charter is void because the same does not assign the causes, or provide the manner, for such suspension or removal. It is contended by counsel for respondent that the whole of this section must be read together, and that the section, as a whole, provides for the same proceeding before the mayor as before the common council (that is, that the officer against whom charges shall be preferred shall be furnished with the charges, which shall be made in writing, and after a hearing thereon, if the mayor finds the charges sustained, he may remove the officer); that these charges are for willful neglect of the duties of his office, and corrupt conduct in office. The other portions of the section provide for removals from office by the common council upon certain specific charges.

The section of the Constitution referred to (section 7, art. 12) has no reference to the office of constable in a city, but refers to officers elected by a county, township, or school district. Article 15, § 14, of the Constitution, provides, "Judicial officers of cities and villages shall be elected, and all other officers shall be elected or appointed, at such time and in such manner as the legislature may direct;" while article 11, § 1, provides for the election of constables in townships. In *White* v. *Board of Supervisors*, 105 Mich. 608, it was held by this court that constables in cities and villages are not such officers as are mentioned in section 1, art. 11, of the Constitution, and that such officers in cities and villages may be appointed, if the legislature should so direct. This being so, there is no constitutional restraint upon the legislature to provide for the removal of constables in cities and villages. By the latter part of section 53 of the charter, above quoted, this power is conferred upon the mayor of Detroit. He has exercised the power which the legislature has conferred upon him. It is not important to discuss the questions raised by counsel for respondent, as written

charges were made, and the relator had full opportunity to be heard.

The court below very properly refused to issue the *mandamus*. That order will be affirmed, with costs.

The other Justices concurred.